**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JUSTIN COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>VANESSA FANG, et al.,<br><br>Defendants. | Civil Action No. 26-cv-11199-DLC<br><br>**ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION** |

**CABELL, Magistrate Judge**

On March 11, 2026, a *pro se* litigant proceeding under the name "Justin Collins" filed a one-page civil complaint and a motion for leave to proceed *in forma pauperis*. [ECF Nos. 1-2]. The case caption of the complaint identifies the defendants as "Vanessa Fang, Elyssa O. Slutzky, [and] Ortiz, Javier E." [ECF No. 1]. The body of the complaint consists of the following: a single factual allegation ("Defendants delayed the ruling."); a jurisdictional allegation; a demand for damages; and a declaration under 28 U.S.C. § 1746, 18 U.S.C § 1621. [*Id.*].

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" or "Controversies." U.S. Const. art. III, § 2. For a case or controversy to exist, the plaintiff must have standing, or, in other words, the plaintiff "must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." *Horne v. Flores*, 557 U.S. 433, 445 (2009).

Here, plaintiff does not set forth a claim for which he has standing. While plaintiff alleges that the defendants delayed a ruling and seeks damages, he does not identify the ruling nor any conduct by the defendants that injured him personally. In the absence of a case or controversy over which the Court could exercise jurisdiction, the action is subject to dismissal.

In addition, the Court notes that, according to information available on the Federal Courts' PACER (Public Access to Court Electronic Records) platform, in March 2026, a plaintiff named Justin Collins filed a case titled "*Collins v. Fang, et al.*" in twenty-seven different federal district courts.

Accordingly, the Court hereby orders:

1. For the reasons stated herein, this case is returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings.

2. For the reasons stated above, this Court RECOMMENDS to the District Judge to whom this case is reassigned that this action be dismissed for lack of subject matter jurisdiction.

3. Plaintiff is hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days after being served with this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604-05 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). *Accord Phinney v. Wentworth Douglas Hosp*., 199 F.3d 1, 3-4 (1st Cir. 1999); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 (1st Cir. 1998).

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: August 25, 2026